IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Benally,<br><br>   Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>   Respondents. | No. CV 11-8203-PCT-FJM (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, U. S. DISTRICT JUDGE:

  Dean Benally filed a timely petition for writ of habeas corpus on December 14, 2011, and an amended petition[1] on December 28, 2011, challenging his convictions pursuant to a plea agreement for felony shoplifting and sexual abuse, and the trial court's imposition of consecutive terms totaling 6.75 years. Benally raises seven grounds for habeas relief: (1) the sentence imposed pursuant to A.R.S. § 13-604 violated his due process rights; (2) he received the ineffective assistance of counsel; (3) he was subjected to double jeopardy and double punishment in violation of his due process rights; (4) the sentencing statute should have been cited in the plea agreement; (5) the prosecutor did not inform the trial court that the plea was a "package deal" with his co-defendant; (6) the sentence imposed was disproportionate in violation of the eighth amendment; and (7) § 13-703 is not cited in the

---

  [1]The Court has construed the grounds for relief contained in the two pleadings as constituting a single petition. *See* Doc. 7, n. 1.

1  plea agreement or commitment papers. Respondents contend that all claims are unexhausted
2  and procedurally defaulted. The Court recommends that the petition be denied and dismissed
3  with prejudice.

## BACKGROUND

5  In Benally's Notice of Post-Conviction Relief, counsel raised two claims of
6  ineffective assistance of trial counsel: (1) failing to seek suppression of the shoplifted
7  merchandise; and (2) not challenging the validity of the two prior shoplifting convictions
8  (Doc. 16, Exh F, G). The trial court summarily denied relief, finding both claims without
9  merit (*Id*., Exh I). Benally filed a *pro se* motion for reconsideration raising new claims,
10 including two raised in his federal habeas petition: (1) the use of a historical prior felony
11 conviction to enhance his sentences violated the prohibition against double-jeopardy/double-
12 punishment; and (2) trial counsel was ineffective in failing to sufficiently communicate with
13 Benally (*Id*., Exh J). The trial court agreed with the State's response that newly presented
14 claims were not cognizable in a motion for reconsideration and denied the motion (*Id*., Exh
15 K, L). In doing so, the trial court also rejected several of the claims on the merits, including
16 the double punishment claim.

17 On November 23, 2009, Benally petitioned for review in the Arizona Court of
18 Appeals, raising grounds that were not raised either in his original post-conviction petition
19 or in the motion for reconsideration, and are not raised in his federal habeas petition. Benally
20 maintained that (1) he had not been informed of his right to a jury determination on any
21 potential aggravating factors; (2) the lack of a jury determination on any potential
22 aggravating factors violated his right to a jury trial; (3) trial counsel was ineffective in failing
23 to object to the lack of a jury trial on aggravating factors; (4) the trial court's imposition of
24 presumptive sentences was improper because Benally was not on release from confinement
25 at the time of the present offenses; (5) the State violated the terms of the plea agreement by
26 objecting to Benally's request to withdraw his guilty pleas; and (6) the police lacked
27 sufficient grounds to stop Benally for the traffic violation that led to his arrest for shoplifting

1  (*Id.*, Exh M).  On May 5, 2011, the court of appeals denied review without comment (*Id.*,
2  Exh N).  On June 17, 2011, Benally sought review in the Arizona Supreme Court, reurging
3  the claims contained in his petition for review in the court of appeals.  In addition, he added
4  three issues "not decided by the court of appeals as trial court errors."  These issues included
5  (1) the failure to consider the shoplifting offense as a "package deal" with a co-defendant;
6  (2) imposing a presumptive sentence for sexual abuse using an element not relevant to sexual
7  abuse; and (3) not considering the consecutive sentencing statute, which should have been
8  listed on the indictment (*Id.*, Exh O at 30).  On November 19, 2011, the supreme court denied
9  review (*Id.*, Exh. O, P).  Benally filed his federal petition on December 14, 2011.

## EXHAUSTION OF REMEDIES

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991).  To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief.  *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001).  The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims.  *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner.  *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989)

- 3 -

1 (O'Connor, J., concurring). If remedies are available in state court, then the federal court 2 may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* 3 However, if the court finds that the petitioner would have no state remedy were he to return 4 to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 5 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal 6 court may decline to consider these claims unless the petitioner can demonstrate that a 7 miscarriage of justice would result, or establish cause for his noncompliance and actual 8 prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 9 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 10 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

11 Further, a procedural default may occur when a Petitioner raises a claim in state court, 12 but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. 13 at 730-31. In such cases, federal habeas review is precluded if the state court opinion 14 contains a plain statement clearly and expressly relying on a procedural ground "that is both 15 'independent' of the merits of the federal claim and an 'adequate' basis for the court's 16 decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" 17 unless application of the bar depends on an antecedent ruling on the merits of the federal 18 claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 19 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" 20 *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 21 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state 22 court pursuant to an independent and adequate state procedural rule, just as in cases 23 involving defaulted claims that were not fairly presented, federal habeas review of the claims 24 is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual 25 prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

- 4 -

**DISCUSSION**

In Ground II, Benally argues that trial counsel was ineffective in failing to sufficiently communicate with him. In Ground III, he argues that the use of the historical prior felony conviction to enhance his sentences violated the prohibition against double-jeopardy/punishment. Both claims were raised for the first time in his motion for reconsideration of the trial court's denial of his post-conviction petition. The trial court ruled that newly presented claims were not cognizable in a motion for reconsideration and denied the motion. In addition to not raising these two claims in his original post-conviction petition, Benally also failed to raise them in his petitions for review in the court of appeals and the supreme court. Therefore, he has not fairly presented these claims in state court in a procedurally appropriate manner, and the claims are therefore unexhausted. *Roettgen*. In addition, the Court finds that Benally would have no state remedy were he to return to the state court, and his claims are therefore considered procedurally defaulted. *Teague*.

In Grounds I and VI, Benally argues that the trial court erred by sentencing him to an enhanced, presumptive sentence on the sexual abuse conviction based on a historical prior felony conviction that did not involve sexual abuse. He raised these claims for the first time in his petition for review in the court of appeals. Therefore, he has not fairly presented these claims in state court in a procedurally appropriate manner, and the claims are therefore unexhausted. *Roettgen*. In addition, the Court finds that Benally would have no state remedy were he to return to the state court, and his claims are therefore considered procedurally defaulted. *Teague*.

In Grounds IV and VII, he argues that the plea agreement and commitment order should have included references to the consecutive-sentencing statute. In Ground V, he argues that the State failed to inform the trial court that his plea agreements and his co-defendant's plea agreement were a "package deal." Similar claims were raised for the first time in Benally's petition for review in the supreme court, except in the supreme court petition Benally faulted the trial court and not the prosecutor. Benally specifically notes in

the petition for review that these were "issues not decided by the court of appeals" (Doc. 16, Exh O). Therefore, he has not fairly presented these claims in state court in a procedurally appropriate manner, and the claims are therefore unexhausted. *Roettgen*. In addition, the Court finds that Benally would have no state remedy were he to return to the state court, and his claims are therefore considered procedurally defaulted. *Teague*.

Certain sections of his habeas claims contain legal arguments that were not raised in the state courts at any stage. Benally argues in Ground I for the first time that A.R.S. § 13-604, the repetitive offender statute under which he was sentenced, is overly broad. As part of Grounds I and VI, he argues for the first time that his sentences were disproportionate and constitute cruel and unusual punishment. He argues in Ground II that trial counsel was ineffective for failing to inform him that the offense of sexual abuse requires a knowing or intentional mental state and that PCR counsel was ineffective in failing to raise the pro se claims that he raised in the PCR action. In Ground IV, he argues for the first time that the sentencing judge erred by failing to explain to Benally why he was receiving consecutive and presumptive sentences. These claims were not fairly presented, and are therefore unexhausted and procedurally defaulted. Finally, Benally has not alleged cause or prejudice to excuse the default.[2]

**IT IS THEREFORE RECOMMENDED** that Dean Benally's Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice** (Doc. 1, 6).

---

[2] To the extent Benally raises the ineffective assistance of counsel as "cause" to excuse the default, it does not aid his case. The trial court determined that all the claims raised in his motion for reconsideration were untimely, but also rejected the merits of the claims, so even if counsel had initially raised them in the post-conviction proceedings, he would have been unsuccessful.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 1st day of November, 2012.

_____
David K. Duncan
United States Magistrate Judge