**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Benally, ) | No. CV-11-8203-PCT-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Charles L. Ryan, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), his amended petition (doc. 6), respondent's response (doc. 16), petitioner's reply (doc. 17), the report and recommendation of the United States Magistrate Judge (doc. 18), and petitioner's objections (doc. 19).

Pursuant to a plea agreement, petitioner pled guilty to one count of felony shoplifting and one count of sexual abuse. He was sentenced to consecutive terms of imprisonment for a total of 6.75 years. He now challenges that conviction and sentence, asserting 7 grounds for habeas relief: (1) the sentence imposed under A.R.S. § 13-604 violated his due process rights; (2) he received ineffective assistance of counsel due to counsel's failure to sufficiently communicate with him; (3) he was subjected to double jeopardy and double punishment; (4) the sentencing statute should have been cited in the plea agreement; (5) the prosecutor did not inform the trial court that the plea was a "package deal" with his co-defendant; (6) his

1  sentence was disproportionate in violation of the Eighth Amendment; and (7) A.R.S. § 13-
2  703 is not cited in the plea agreement or commitment papers.

3        The Magistrate Judge concluded that petitioner had not fairly presented any of his
4  habeas claims to the state courts, and therefore no claim is properly exhausted. Because
5  petitioner has no available remedy in the state courts for any of the unexhausted habeas
6  claims, the Magistrate Judge also concluded that all claims are procedurally defaulted and
7  precluded from federal review. Finally, the Magistrate Judge determined that petitioner has
8  not shown cause for the procedural default or actual prejudice resulting from the alleged
9  federal law violations, or actual innocence resulting in a fundamental miscarriage of justice.
10 Following our *de novo* review, we agree with the Magistrate Judge's conclusions and
11 recommendation that the habeas petition should be denied and dismissed with prejudice.

12       Although petitioner argues that he raised ineffective assistance claims "from the start
13 of his Post Conviction Relief," Objections at 2, the specific claim asserted in his habeas
14 petition–that the public defender failed to sufficiently communicate with him, including
15 failing to inform him that "intentionally and knowingly" are elements of the sex offense
16 count–was raised for the first time in his motion for reconsideration of the trial court's denial
17 of his post-conviction petition. The trial court ruled that the new claims were not cognizable
18 in a motion for reconsideration and denied the motion. In addition to not raising this claim
19 in his original post-conviction petition, petitioner did not raise the claim in his petitions for
20 review in the court of appeals and supreme court. Accordingly, this claim, as well as the
21 other claims asserted in this petition, are unexhausted and procedurally defaulted.

22       Federal review of the unexhausted, procedurally defaulted claims is barred unless
23 petitioner demonstrates cause for the default, resulting in prejudice, or that failure to review
24 the claim would result in a "fundamental miscarriage of justice." Teague v. Lane, 489 U.S.
25 288, 298, 109 S. Ct. 1060, 1068-69 (1989). To establish "cause," a petitioner must
26 demonstrate that some objective factor external to the defense impeded his efforts to comply
27 with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639,
28 2645 (1986). To establish "prejudice," a petitioner must show that the alleged constitutional

violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596 (1982) (emphasis in original). Where the petitioner does not establish cause, the court need not reach the prejudice prong. A federal court may also review the merits of a procedurally defaulted claim if petitioner demonstrates that failure to consider the merits will result in a "fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995). A "fundamental miscarriage of justice" occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id. The petitioner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Id.; 28 U.S.C. § 2254(e)(2)(B).

Petitioner does not attempt to show cause for his default. Nor has he demonstrated a fundamental miscarriage of justice. Therefore, federal review of petitioner's claims is barred.

**IT IS ORDERED ACCEPTING** the recommended disposition by the Magistrate Judge (doc. 18), and **DENYING AND DISMISSING WITH PREJUDICE** the petition and amended petition for writ of habeas corpus (docs. 1, 6).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed *in forma pauperis* on appeal because dismissal of the habeas petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

DATED this 14th day of November, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge